UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WALTER BRUCE BRACEWELL,

Plaintiff,

v.                       CAUSE NO. 3:21-CV-329-JD-MGG

RUSSEL OLMSTEAD,

Defendant.

OPINION AND ORDER

Walter Bruce Bracewell, a prisoner without a lawyer, filed a complaint (ECF 1) against Russel Olmstead. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Bracewell asserts that, on April 1, 2021, at about 10:30 a.m., he was given his lunch tray and a jail officer told him Ramadan had begun. ECF 1 at 2. He states he told the officer that the inmates should have been briefed on how the jail was planning on handling Ramadan and, in particular, how it would be assisting inmates with fasting. *Id*. That evening, Bracewell states that, after he had fasted, he was served a non-Kosher meal. *Id*. After Bracewell reported to Sergeant Johnson that he had received

non-Kosher food, Sergeant Johnson went to the kitchen and got peanut butter and four slices of bread for Bracewell. *Id*. The next day, Sergeant Johnson told Bracewell that Captain Russel Olmstead advised him the kitchen staff would not be working so he would not be given Kosher meat as part of his meal. *Id*. at 2-3. Bracewell states he was then "taken of[f] Ramadan" but he continued to fast by saving his Kosher lunch and dinner trays. *Id*. at 3. However, the meals were cold and greasy because the meat hardened with the gravy. *Id*. Bracewell also asserts that, since he arrived at the jail, he has yet to receive a warm breakfast because he has a Kosher diet. *Id*. And those inmates who are not on Kosher diets are served oatmeal, but inmates who are on Kosher diets are not served oatmeal. *Id*.

Bracewell next claims that all matters pertaining to the Islamic faith go through Captain Olmstead, but he never had "anything" for them. ECF 1 at 3. He also asserts that it took months to receive a Quran and prayer rug. *Id*.

Furthermore, Bracewell states that, on May 4, 2021, there was a shakedown of his dorm. ECF 1 at 4. Before he was taken from his dorm, he advised the officers he had a Quran and he would hold it while they inspected it because they were wearing dirty gloves. *Id*. He was told to put the Quran on a table so that it could be inspected and escorted from the dorm. *Id*. After he returned to the dorm, he noticed his Quran was missing. *Id*. Bracewell learned it had accidentally been thrown away by a new officer who was in training, but it was later retrieved from the garbage. *Id*.

While his complaint is unclear and vague, Bracewell appears to be suing Captain Olmstead for violating his rights under the Free Exercise Clause of the First

Amendment. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Here, Bracewell has failed to set forth facts to show that Captain Olmstead was personally involved in any alleged constitutional violation. Instead, Bracewell is displeased with jail officers because he believes they are not appropriately trained in dealing with Muslim inmates. However, these allegations do not amount to constitutional violations by Captain Olmstead.

While Bracewell's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Bracewell should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Walter Bruce Bracewell;

(2) GRANTS Walter Bruce Bracewell until **August 13, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Walter Bruce Bracewell that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT