UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALTER BRUCE BRACEWELL, Plaintiff, v. RUSSEL OLMSTEAD, Defendant. | CAUSE NO. 3:21-CV-329-JD-MGG |

OPINION AND ORDER

Walter Bruce Bracewell, a prisoner without a lawyer, filed an amended complaint against Captain Russel Olmstead. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As with his original complaint, Bracewell alleges that, on April 1, 2021, at about 10:30 a.m., he was given his lunch tray and a jail officer told him Ramadan had begun. ECF 8 at 2. That evening, Bracewell states that, after fasting, he was served non-Kosher food, including, two slices of salami, cookies, and fruit. *Id*. After Bracewell reported to Sergeant Johnson that he had received non-Kosher food, Sergeant Johnson went to the kitchen and got peanut butter and four slices of bread for him. *Id*. The next day, on

April 2, 2021, Sergeant Johnson told Bracewell that Captain Olmstead advised him that no Kosher meals would be provided during Ramadan and, if Bracewell wanted Kosher meals, he would need to be removed from the Ramadan list. *Id*. He was removed from the Ramadan list because he did not want to eat non-Kosher meats. *Id*. at 2-3. Bracewell states he continued to fast during Ramadan and saved his Kosher lunch and dinner trays until fasting ended at sunset each day. *Id*. at 3. However, he claims that by the time he ate his Kosher meals, they were cold and greasy because the meat had hardened with the gravy, and he was not able to enjoy the meals because they did not taste good. *Id*.

While his amended complaint is unclear and vague, Bracewell appears to be suing Captain Olmstead for violating his rights under the Free Exercise Clause of the First Amendment. While prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment, *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011), prison officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns, *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Furthermore, the Equal Protection Clause and the Establishment Clause prohibit a defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322-23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880-82 (7th Cir. 2009). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991).

Because Bracewell has not alleged that Captain Olmstead prohibited or restricted him from practicing his Islamic religion, he may not proceed on this claim.

Bracewell also asserts that all matters pertaining to the Islamic faith are handled by Captain Olmstead. ECF 8 at 3. He states Captain Olmstead provides Islamic reading materials, including copies of the Quran, and prayer rugs to inmates, but they typically wait months to receive them. *Id*. Bracewell states the inmates often write to Captain Olmstead for Islamic materials, but they seldom received a response from him. *Id*. These allegations do not amount to constitutional violations by Captain Olmstead.

Furthermore, Bracewell alleges that Captain Olmstead discriminated against him on the basis of his Islamic religion. ECF 8 at 5. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . .." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Bracewell must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* Because Bracewell has not alleged facts that show Captain Olmstead intentionally discriminated against him on the basis of his Islamic faith, he may not proceed on this claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT